IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FEAYANEE D.,[1] | : |
| *Plaintiff*, | : Case No. 1:24-cv-143 |
| vs. | : Judge Jeffery P. Hopkins |
| COMISSIONER OF SOCIAL SECURITY, | : |
| *Defendant*. | : |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Presently before the Court is the Report and Recommendation (Doc. 12) (the "R&R") issued by Chief Magistrate Judge Stephanie K. Bowman on February 13, 2025. The Magistrate Judge recommends that this Court affirm the Commissioner's non-disability determination as to Plaintiff's minor child, M.T. Doc. 12, PageID 766. Plaintiff has filed objections to the R&R (Doc. 14), to which the Commissioner has responded (Doc. 15).

### I.  STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation issued by a magistrate judge, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1). The Court "may also receive further evidence or recommit the matter

---

[1]  *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

to the magistrate judge with instructions." *Id*. Here, like in any Social Security appeal, the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 Fed. App'x. 315, 320 (6th Cir. 2015) (internal quotation marks omitted). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Secretary of Health & Human Services*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). On review, if a court finds that an ALJ's decision is supported by substantial evidence, that decision must be affirmed even if "substantial evidence exists in the record to support a different conclusion." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

## II. LAW & ANALYSIS

Plaintiff raises two objections. She alleges that the Magistrate Judge erred in finding (1) that substantial evidence supports the ALJ's decision that M.T. has a less than marked limitation in the domain of acquiring and using information, and (2) that substantial evidence supports the ALJ's decision that M.T. has a less than marked limitation in the domain of attending and completing tasks. Doc. 14, PageID 841–44. Plaintiff contends that M.T. has at least a marked limitation in these two domains—acquiring and using information and attending and completing tasks. *Id.* The Commissioner disagrees. Doc. 15.

An individual under the age of eighteen will be considered to be under a disability if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). To decide whether a child is entitled to disability benefits, an

ALJ engages in a three-step inquiry: (1) is the claimant working, (2) does the claimant have a severe, medically determinable impairment, and (3) does the impairment meet or equal the listings. *See* 20 C.F.R. § 416.924(b)–(d). The focus here is on the third step in the inquiry set forth above.

Under step three, to establish that an impairment meets or equals a listing, the claimant must show an extreme limitation in one, or a marked limitation in at least two, of the six domains set forth in § 416.926a(b)(1). Those six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)–(vi). Here, the ALJ determined that M.T. had no extreme limitations, and a marked limitation in interacting and relating with others, but less than marked limitations in acquiring and using information, attending and completing tasks, caring for himself, and in health and physical well-being, and no limitation in moving about and manipulating objects. Doc. 6-2, PageID 42. In light of Plaintiff's objections, the concern here is whether substantial evidence supports the ALJ's finding that M.T. has less than marked limitations in acquiring and using information and attending and completing tasks. To qualify as a marked limitation, a child's limitation must "interfere[] seriously with [his or her] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 415.926a(e)(2)(i). A marked limitation is "more than moderate" but "less than extreme." *Id.*

*Acquiring and Using Information.* Substantial evidence supports the ALJ's conclusion that M.T. has a less than marked limitation in acquiring and using information. Plaintiff attempts to draw an inconsistency in the ALJ's findings as they relate to this domain and the domain of interacting and relating with others. Plaintiff seems to suggest that the ALJ relied

3

on M.T.'s medication non-compliance in a contradictory way when arriving at the conclusion that M.T. had a marked limitation in interacting and relating with others, while finding a less than marked limitation in acquiring and using information. But it does not appear that way to the Court. There is substantial evidence in the record that differentiates the ALJ's findings regarding the limitation of acquiring and using information from interacting and relating with others. Although Dr. Bokelman noted deficits in M.T.'s cognitive abilities, he did not recommend any significant treatment interventions. Doc. 6-2, PageID 47. However, Dr. Bokelman did suggest that M.T. "be provided access to participation in programs with peers that would facilitate activities and opportunities for interactions." *Id.* at PageID 46. The opinions of state agency medical consultants at the reconsideration level also align with the ALJ's findings. *Id.* at PageID 49–50. Based on the evidence in the record, the Court agrees with the Magistrate Judge that the ALJ properly considered Dr. Bokelman's findings and the objective evidence of record, including M.T.'s grades, treatment history, medication compliance and school absences in arriving at the conclusion that M.T. has a less than marked limitation in acquiring and using information. Doc. 12, PageID 833. Plaintiff's first objection must therefore be overruled.

*Attending and Completing Tasks.* Substantial evidence also supports the ALJ's finding that M.T. has a less than marked limitation in attending and completing tasks. Plaintiff advances a similar argument in relation to this limitation—emphasizing an alleged inconsistency in relation to M.T.'s medication compliance. But similar to the other domain, there is evidence in the record that differentiates the ALJ's respective domain findings. The state agency medical consultants at the reconsideration level found M.T. to have a less than marked limitation in attending and completing tasks. Doc. 6-2, PageID 49–50. Further, the

4

ALJ observed as part of Dr. Bokelman's testing that M.T. "exhibited adequate task persistence," "showed no signs of distractibility," and "was able to complete all items required." *Id.* at PageID 46. The ALJ also appropriately considered the relevance of M.T.'s participation in extracurricular activities as non-dispositive evidence related to M.T.'s ability to sustain attention and concentration to reach predictable goals. *Id.* at PageID 48. The Court therefore agrees with the Magistrate Judge that the ALJ properly considered M.T.'s school records, records from the St. Joseph Orphanage related to his medication management and mental health treatment, and his participation in extracurricular activities in finding that M.T. has a less than marked limitation in attending and completing tasks. Doc. 12, PageID 835–36. Because the ALJ's analysis falls within a "zone of choice," Plaintiff's second objection must be overruled. *Felisky*, 35 F.3d at 1035 ("The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.") (citing *Mullen v. Brown*, 800 F.3d 535, 545 (6th Cir. 1986)).

### III. CONCLUSION

Thus, Plaintiff's objections (Doc. 14) are **OVERRULED**, the Magistrate Judge's R&R (Doc. 12) is **ADOPTED** in its entirety, and the Commissioner's non-disability decision is **AFFIRMED**. The Clerk is directed to **TERMINATE** this matter on the Court's docket.

**IT IS SO ORDERED.**

Dated: March 28, 2025

Hon. Jeffery P. Hopkins
United States District Judge

5